# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM BASKERVILLE, | Civ. No. 13-5881 (PGS) |
| Petitioner, | |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM AND ORDER** |
| Respondent. | |

Petitioner is a federal prisoner proceeding with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On November 15, 2018, this Court denied most petitioner's claims. However, this Court reserved judgment on petitioner's claims that trial counsel was ineffective for failing to investigate/call Hakeem Curry and Rakeem Baskerville as witnesses at his trial along with petitioner's claim that the government failed to provide him with a copy of Roderick Boyd's F.B.I. 302 report.[1]

Counsel, Mr. Bruce L. Throckmorton, Esq., was then appointed to represent petitioner at a yet to be scheduled evidentiary hearing on these remaining claims. Thereafter, respondent submitted a request to bifurcate the upcoming evidentiary hearing. Respondent requests bifurcating the evidentiary hearing such that this Court hear from petitioner's trial counsel first prior to hearing from Hakeem Curry and Rakeem Baskerville. According to respondent, this would be perfectly proper because trial counsel's testimony at the evidentiary hearing could possibly be dispositive under the first prong of the *Strickland v. Washington*, 466 US. 668 (1984)

---

[1] Because this Court reserved judgment on petitioner's ineffective assistance of counsel claim to call/investigate Hakeem Curry and Rakeem Baskerville, this Court also reserved judgment on petitioner's cumulative ineffective assistance of counsel claim.

which would then eliminate the need to hear testimony from Hakeem Curry and Rakeem Baskerville.

This Court agrees and will grant respondent's request to bifurcate the now scheduled July 15, 2019 evidentiary hearing. At that hearing, this Court will accept testimony from petitioner's trial counsel as well as petitioner regarding the remaining claims (which includes testimony related to Boyd's 302 report). Should the Court determine after that July 15, 2019 hearing that Hakeem Curry and Rakeem Baskerville's testimony is necessary to resolve the remaining claims, this Court will so alert the parties in due course.

Accordingly, IT IS this __6__ day of May, 2019,

ORDERED that respondent's request to bifurcate the July 15, 2019 evidentiary hearing is granted such that this Court will accept testimony at that hearing from petitioner's trial counsel as well as petitioner regarding the remaining claims; and it is further

ORDERED that should this Court determine that after the July 15, 2019 hearing that Hakeem Curry and Rakeem Baskerville's testimony is necessary to resolve the remaining claims, this Court will so alert the parties in due course.

PETER G. SHERIDAN  
United States District Judge